**In Interest of K.J.V., a Minor.**

**Appeal of K.J.V., a Minor.**

Superior Court of Pennsylvania.

Submitted July 30, 2007.
Filed Dec. 19, 2007.

Scott Eric Lineberry, York, for appellant.

Hugh S. Rebert, Assistant District Attorney, York, for Commonwealth appellee.

BEFORE: TODD, KELLY and JOHNSON, JJ.

OPINION BY KELLY, J.:

¶ 1 This appeal contests the dispositional order imposed pursuant to Appellant's adjudication of delinquency for simple assault, a second degree misdemeanor, and criminal mischief, a summary offense. Finding that Appellant's conduct did not rise to the level of criminality, we vacate the order under appeal and remand.

¶ 2 The charges stemmed from an incident caused when Appellant rushed through the right side of a set of double glass doors as she left school to catch her bus at the end of the school day. As Appellant passed though her door, the complainant, a special needs student who is seriously handicapped by scoliosis and spina bifida, was proceeding, followed by her service dog, through a door to Appellant's left. Appellant's door struck the dog on its flank, knocking it over, and apparently striking the complainant in the back. The complainant was pulled down on one knee on top of the dog, and her further fall was prevented by a friend who caught her. The dog suffered a torn ligament from the incident, and the complainant required a course of over-the-counter pain relievers and chiropractic treatment. She has also been subject to frequent headaches since the incident.

¶ 3 On appeal, Appellant challenges the sufficiency of the evidence to support the adjudication of delinquency as to simple assault and criminal mischief.[1] In reviewing the sufficiency of the evidence to support the adjudication below, we recognize that the Due Process Clause of the United States Constitution requires proof beyond a reasonable doubt at the adjudication stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. Additionally, we recognize

---

1. We address Appellant's claims out of order for ease of disposition.

that in reviewing the sufficiency of the evidence to support the adjudication of delinquency, just as in reviewing the sufficiency of the evidence to sustain a conviction, though we review the entire record, we must view the evidence in the light most favorable to the Commonwealth.

*In re A.D.*, 771 A.2d 45, 48 (Pa.Super.2001) (internal citations and quotation marks omitted) (quoting *In re Johnson,* 445 Pa. 270, 284 A.2d 780, 781 (1971)).

¶ 4 We first note that Appellant cannot have been found delinquent on the charge of criminal mischief. The charge defined refers to "intentional [ ] or reckless [ ] tamper[ing] with tangible property of another so as to endanger person or property." 18 Pa.C.S.A. § 3304(a)(2). Where the pecuniary loss to the property is less than $500, the offense is graded as a summary one. Here the term is applicable to the harm caused the complainant's dog by the swinging door, and the veterinary expenses of less than $500 incurred to treat its injury. Summary offenses, except under circumstances not relevant here, are not classified as delinquent acts. 42 Pa. C.S.A. § 6302. Thus Appellant's adjudication can refer only to the finding of simple assault.

¶ 5 As Appellant points out, in the juvenile court's Statement Pursuant to Pa. R.A.P.1925(a), it noted that "[a]s to a consent decree, the juvenile situation, in this Court's view, merited serious consideration for a consent decree. 42 Pa.C.S.A. § 6340(a). However, the Juvenile Act provides that when 'the district attorney objects to a consent decree, the court shall proceed to findings, adjudication and disposition.'" (Juvenile Ct. Op. at 8). The court's sentiment echoes the recommendation of the probation officer whose petition instituted proceedings.

■ ¶ 6 At Appellant's adjudication and disposition hearing, the court inquired as to the prosecutor's position on a consent decree. The district attorney responded that although his office did provide such decrees, "We reserve those consent decrees to juveniles who are willing to admit their delinquencies." (N.T., 12/1/06, at 17).[2] This Court has held that a juvenile's admission of the acts which provide the basis for the delinquency petition compel a finding that the juvenile is in need of treatment, supervision or rehabilitation, that is, that the juvenile is in fact, delinquent. *In re M. M.,* 870 A.2d 385, 388 (Pa.Super.2005). Although M.M.'s admissions concerned felony charges in connection with car thefts, we nevertheless find that same principle applies here, where the act of which Appellant was adjudicated delinquent involved a crime of violence. Thus to qualify for a consent decree allowing "suspen[sion] of the [adjudication] proceedings and continu[ance] [of] the child under supervision in his own home, and under terms and conditions negotiated with probation services and agreed to by all parties affected," § 6340(a), Appellant would be forced to act in such a way as to render that status legally unavailable.

¶ 7 Moreover, the policy described by the prosecutor is flawed. This Court has described the express purpose of the Juvenile Act as that of "seek[ing] treatment, reformation and rehabilitation, and not to punish. To this end, the juvenile court system was designed to provide [a] distinctive procedure and setting to deal with the problems of youth." *In re C.M.T.,* 861 A.2d 348, 356 (Pa.Super.2004) (citations

---

**2.** The prosecutor's facile comment that the record of this adjudication is subject to later expungement does not compensate for the impropriety of the policy which compelled the adjudication proceedings.

and quotation marks omitted). The recommendation from both the court and the probation officer that Appellant be placed under a consent order stemmed from findings that Appellant was a good student, well liked by her teachers; she had received academic awards on several occasions and was planning to attend college. She had been employed, but stopped working at her mother's request to improve her grades, which, in fact, occurred. She had never before had contact with the police, was reportedly drug and alcohol free, did not smoke, and was not sexually active. Appellant, who lives with her mother, does specific chores at home, and observes a curfew of 10:00 p.m. if she goes out. She has felt in need of, and has received psychological services for anxiety, depression and insomnia only since the commencement of this criminal prosecution.

¶ 8 With this background, we turn to the sole count on which the adjudication of delinquency is based, simple assault, which is perpetrated when a person attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. *See* 18 Pa.C.S.A. § 2701(a)(1). The juvenile court determined that the act was neither intentional nor knowing, but that Appellant had acted recklessly.

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such nature and degree that, considering the nature and intent of the actor's conduct and circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's position.

18 Pa.C.S.A. § 302(b)(3). This definition encompasses the concept of gross negli-

gence. *Commonwealth v. Lobiondo*, 501 Pa. 599, 462 A.2d 662, 665 (1983). Whether an action qualifies as grossly negligent "can depend upon the nature of the standard applicable to a given situation." *Id.* at 666 (citation omitted).

¶ 9 In the order entered from the bench during the adjudication and disposition hearing, the court noted with respect to the complainant's injuries, that they were incurred when Appellant "bumped into her," (N.T., 12/7/06, at 19). Although she had "undergone some more medical care and attention, [ ] it is not known to what extent in all honesty this assault caused or aggravated it, but the timing of it does place it happening as the need for some treatment occurring after the accident." *(Id.* at 20). These statements, as to both the nature of the contact between Appellant and the complainant, and the equivocal nature of the consequences to the latter, seem inconsistent with the "gross negligence" necessary to assign criminal culpability to the incident involved here. Moreover, the court's *post hoc ergo propter hoc* (after this therefore because of this) rationale is well known as false logic, "an example of the fallacy of arguing from the temporal sequence to cause and effect relationship." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1965).

¶ 10 The juvenile court here demonstrated obvious reluctance to find delinquency given Appellant's background and the nature of the incident. Particularly disturbing is the fact that the court's hesitancy was overridden by the prosecutor's refusal to permit the entry of consent order based on a policy clearly in derogation of and contrary to the individual consideration of cases mandated by the Act. The dissonance between the court's dispositional inclination and its inability to enter a concomitant order aggravate what we find an anomalous situation. The facts of this

matter are that Appellant acted impulsively; she was at least inconsiderate, at worst callous. None of these lapses, while scarcely estimable, rise to the level of criminality. As Appellant is already receiving psychological services, and a consent order could "continue the child under supervision," § 6340(a), the directive that she pay restitution for the expenses of the dog's injury and to cover certain costs incurred by the complainant's mother should suffice to resolve this matter.

¶ 11 Accordingly, we vacate the adjudication of delinquency and remand for proceedings consistent with this opinion. Jurisdiction is relinquished.