J-S14022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: S.W., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: S.W., A MINOR | |
| | No. 1912 EDA 2013 |

Appeal from the Dispositional Order June 7, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-JV-000195-2013

BEFORE:  SHOGAN, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 13, 2014**

S.W., a minor, appeals from the June 7, 2013 dispositional order committing her to Hoffman Homes, imposed in the Bucks County Court of Common Pleas, Juvenile Division, after the juvenile court adjudicated her delinquent of acts constituting simple assault and the summary offense of harassment, following a finding by the Court of Common Pleas of Lycoming County, that she committed simple assault and the summary offense of harassment.[1, 2]  The issue raised in this appeal is whether the juvenile court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The delinquent acts occurred in Lycoming County, but S.W. is a resident of Bucks County.  Therefore, a preliminary hearing was held in Lycoming County and the case was then transferred to Bucks County.  **See** 42 Pa.C.S. § 6321(c) ("Transfer to another court within this Commonwealth"); Pa.R.J.C.P. 302(a) ("Inter-County Transfer).

erred in adjudicating S.W. delinquent by (1) failing to comply with the requirements of the Juvenile Act regarding adjudications of delinquency, and (2) adjudicating S.W. delinquent rather than dependent. S.W.'s Brief at 4. Based upon the following, we affirm S.W.'s adjudication of delinquency for simple assault, reverse S.W.'s adjudication of delinquency for the summary offense of harassment, and affirm the dispositional order.[3] *See* 42 Pa.C.S. 6302(2)(iv); *In the Interest of K.J.V.*, 939 A.2d 426 (Pa. Super. 2007).

The juvenile court summarized the procedural and factual history of this case, as follows:

S.W. was fifteen years old and resident of Ashler Manor in Lycoming County at the time of the incident giving rise to her

*(Footnote Continued)* —————————

[2] The juvenile court states in its opinion that "[a]ll issues related to the specific disposition of Hoffman Homes are now moot as S.W. has been removed from that placement." Juvenile Court Opinion, 8/16/2103, at 6. We note that although S.W preserved three issues related to the disposition of Hoffman Homes in her Pa.R.A.P. 1925(b) statement, none of the issues raised in this appeal are related to Hoffman Homes.

[3] The Juvenile Act states that the term "delinquent act" does not include "[s]ummary offenses, unless the child fails to comply with a lawful sentence imposed thereunder, in which event notice of such fact shall be certified to the court." 42 Pa.C.S. § 6302, "Delinquent Act" (2)(iv). Here, S.W. cannot have been adjudicated delinquent on the charge of harassment, 18 Pa.C.S. § 2709(a)(1), as that offense is graded as a summary. Therefore, S.W.'s adjudication can refer only to the finding of simple assault. *See In the Interest of K.J.V.*, 939 A.2d 426 (Pa. Super. 2007) ("Summary offenses, except under circumstances not relevant here, are not classified as delinquent acts.").

adjudication and disposition. On the afternoon of December 21, 2012, S.W. was in the community room of Ashler Manor acting in a disruptive manner. When asked by staff of the facility to alter her behavior or go to her room she refused to comply and continued her unruly behavior in the common room. Facility staff then attempted to escort S.W. to her room at which point she became physically and verbally abusive. She kicked and struggled against staff and threatened that she was going to "fuck up staff" when they released her, and stated "wait until you see what I will do to you tonight." To stop her struggling three staff members simply restrained her until she calmed down and lay prone on the floor.

At that point, three Ashler Manor staff again attempted to escort S.W. to her dorm room. S.W. continued to thrash on the way to the room attempting to kick staff members before finally grabbing a handful of a staff member's hair and refusing to release it. Only with the assistance of another Ashler Manor staff member was S.W. finally forced to let go of the hair. Once in the dorm room, Ashler Manor staff again attempted to simply restrain S.W. to prevent her continued kicking. While they were positioning themselves, S.W. managed to bite another staff member in the upper arm and refused to let go for a period of 15 seconds. The bite was so hard that, even through the staffer's clothing, medical attention was required.

As a result of this incident, a Muncy Township police officer was called. S.W. "had a strong attitude problem towards this officer..." and she told the officer that "...she was not remorseful for what she had done nor was she concerned about anything or anyone."

Following a hearing in Lycoming County, where S.W. made a counseled admission to simple assault and harassment, Dana Jacques, Family Court Hearing Officer, entered a finding of fact as to Simple Assault and Harassment which was subsequently approved by Judge Joy Reynolds McCoy of the Lycoming County Court of Common Pleas. The matter was then transferred to Bucks County and on June 7, 2013 the matter was heard before the undersigned. This Court asked counsel for S.W. if there was anything she wished to present as to the issue of whether or not S.W. should be adjudicated as a delinquent individual. At that time the only thing her counsel asked to be considered was S.W.'s long involvement with Children and Youth. The Court then

adjudicated her delinquent relying on the finding of fact out of Lycoming County, her emotional and mental health history, and her substance abuse problems. It then placed her with Hoffman Homes, a residential treatment facility, per the recommendation of the Bucks County Department of Juvenile Probation and the aforementioned documents.

Juvenile Court Opinion, 8/16/2013, at 1–2 (record citations omitted).[4]

S.W. first contends that the juvenile court erred in failing to comply with the requirements of the Juvenile Act, because the court's determination does not contain the findings required by the Juvenile Act. In support of her argument, S.W. relies on Section 6341, which provides, in relevant part:

If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed.

42 Pa.C.S. § 6341(b). **See** S.W.'s Brief at 15. The Commonwealth counters that S.W. did not properly preserve this issue in in her Pa.R.A.P. 1925(b) statement.

Our review of the Rule 1925(b) statement leads us to agree with the Commonwealth that S.W.'s claim that the juvenile court failed to comply with the Juvenile Act is not raised therein. S.W. contends that she

_____

[4] On July 10, 2013, S.W. filed a notice of appeal. In response, the juvenile court directed S.W. to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). S.W. timely filed a Rule 1925(b) statement, and the juvenile court issued an opinion pursuant to Pa.R.A.P. 1925(a).

preserved this issue in her claims that "the juvenile court erred in adjudicating [S.W.] delinquent and that the Commonwealth failed to present sufficient evidence that the juvenile should be declared delinquent." *See* S.W.'s Reply Brief at 1. However, reading the Rule 1925(b) statement,[5] we are not persuaded that these statements encompass the present claim that the juvenile court's determination does not contain the findings required by the Juvenile Act. In any event, we find no merit in S.W.'s claim.

The Juvenile Act requires that the juvenile court must find the following: (1) that the child has committed a delinquent act beyond a reasonable doubt and (2) that the child is in need of treatment, supervision, or rehabilitation. 42 Pa.C.S. § 6341;[6] *In the Interest of M.W.*, 39 A.3d

_____

[5] The concise statement reads, in relevant part:

1. The trial court erred in adjudicating the juvenile delinquent and not dependent where this mentally ill and abused child had a long standing history of treatment and supervision by the Department of Children and Youth as a dependent child.

2. The Commonwealth failed to present sufficient evidence that the juvenile should be declared delinquent and not dependent.

S.W.'s Statement of Matters Complained of on Appeal, 7/22/2013, at ¶¶1-2.

[6] Section 6341, entitled "**Adjudication**," provides, in relevant part:

**(a) General rule**.—After hearing the evidence on the petition the court shall make and file its findings as to whether the child is a dependent child. If the petition alleged that the child is delinquent, within seven days of hearing the evidence on the

*(Footnote Continued Next Page)*

958, 962 (Pa. 2012). This Court will not disturb a juvenile court's disposition absent manifest abuse of discretion. *See In the Interest of R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012).

---
*(Footnote Continued)*
petition, **the court shall make and file its findings whether the acts ascribed to the child were committed by him.** . . . If the court finds that the child is not a dependent child or that the allegations of delinquency have not been established it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding.                  .                  .                  .

**(b) Finding of delinquency**.—**If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed.** The court shall then proceed immediately or at a postponed hearing, which shall occur not later than 20 days after such finding if the child is in detention or not more than 60 days after such finding if the child is not in detention, to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation and to make and file its findings thereon. This time limitation may only be extended pursuant to the agreement of the child and the attorney for the Commonwealth. The court's failure to comply with the time limitations stated in this section shall not be grounds for discharging the child or dismissing the proceeding. In the absence of evidence to the contrary, **evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation.** If the court finds that the child is not in need of treatment, supervision or rehabilitation it shall dismiss the proceeding and discharge the child from any detention or other restriction theretofore ordered.

42 Pa.C.S. § 6341 (emphasis supplied).

Pursuant to Section 6341(b), the court must first make a specific finding as to whether the child committed the acts alleged, and enter that finding on the record. Here, as already noted, because S.W. was residing in a facility in a court ordered placement in Lycoming County, the proceedings were initiated in the Court of Common Pleas of Lycoming County. On February 27, 2013, a preliminary hearing, at which S.W. was represented by counsel, was held regarding the charges of harassment and simple assault. Thereafter, the Honorable Joy Reynolds McCoy entered an order indicating a "finding of fact" as to both charges, and transferred the case to the Bucks County Court of Common Pleas.[7] Specifically, the Lycoming County Order included a table, listing the offenses of simple assault and harassment, the grading of each charge — misdemeanor of the second degree and summary, respectively — as well as the statutory title and section, and the offense date of December 20, 2012. The Order stated: "A preliminary hearing was held on this date. The court hereby enters a finding of fact as to the above charges for the purposes of transfer." Order, 2/28/2013.

The Lycoming County Order is consistent with the requirements of Section 6341(b). **See** 42 Pa.C.S. § 6341(b)("If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of

_____

[7] A forwarding letter, accompanying Judge McCoy's order, stated that S.W. had made counseled admissions as to the charged conduct.

which he is alleged to be delinquent it shall enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed."). As such, the juvenile court in Bucks County properly relied upon that the finding of fact, as to the charge of simple assault, prior to proceeding to the question of whether S.W. was in need of treatment, supervision, or rehabilitation. The juvenile court stated:

> … I have read the psychiatric evaluation which discusses the history here. Also included was the evaluation by Today, Inc. and their bio[]psychosocial history. Based upon all that information, that which pertains to the events giving rise to these charges, the various emotional, mental health, and psychological history, and drug and alcohol history, it is clear to me that not only has she committed the acts, which I've already determined, but she is a person who is appropriate for supervision of the juvenile court and treatment and services to be provided by this office, and as such she will be adjudicated delinquent as to this petition.

N.T., 6/7/13, at 5.

We note S.W. did not contest the propriety of the Lycoming County Court's Order during the adjudicatory hearing in the Bucks County Court of Common Pleas. Furthermore, S.W.'s argument that "[i]n Bucks County, the Juvenile Court merely **assumed** that a finding of fact determination was made beyond a reasonable doubt and proceeded to find [S.W.] in need of treatment, supervision, and rehabilitation,"[8] overlooks that a "finding"

---

[8] Brief of S.W. at 13-14 (emphasis added).

pursuant to Section 6341(b) necessarily means that the court has found "on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent." 42 Pa.C.S. 6341(b), **supra**. Accordingly, we find no error in the Bucks County Court's reliance upon the finding of the Lycoming County Court as reflected by its order of February 28, 2013, and we reject S.W.'s claim that the court failed to comply with the requirements of the Juvenile Act regarding adjudications of delinquency.

Next, S.W. asserts that the juvenile court erred in adjudicating her delinquent rather than dependent. S.W. points to Section 6302, which defines a dependent child as a child who:

> (6) has committed a specific act or acts of habitual disobedience of the reasonable and lawful commands of his parent, guardian, or other custodian and who is ungovernable and found to be in need of care, treatment or supervision;
>
> . . . .
>
> (8) has been formerly adjudicated dependent, and is under the jurisdiction of the court, subject to its conditions or placements and who commits an act which is defined as ungovernable in paragraph (6).

42 Pa.C.S. § 6302 "Dependent Child" (6), (8).

S.W. argues that she is a dependent child, and that the acts in this case, which occurred at a residential facility for girls with anger management issues, and which were committed against staff, constitute acts of disobedience and S.W. is ungovernable. S.W. argues no evidence was presented that she could get any greater level of care or be eligible for any

better programs as a result of a finding of delinquency as opposed to a finding of dependency. S.W. maintains that she should have remained a dependent child. We find no merit in this argument.

The Juvenile Act defines a delinquent act as an "act designated a crime under the law of this Commonwealth …." 42 Pa.C.S. § 6302, "Delinquent Act" (1). Here, S.W. was found to have committed the delinquent act of simple assault, and the juvenile court further found that S.W. was in need of treatment, supervision and/or rehabilitation. The juvenile court explained the basis of its decision, stating:

> In order for a child to be found to be delinquent a court must find two things, (1) that the juvenile committed the delinquent acts beyond a reasonable doubt, and (2) that the juvenile is in need of treatment, supervision or rehabilitation. **Commonwealth v. M.W.**, 39 A.3d 958, 959 (Pa. 2012). With certain exceptions not applicable here, a delinquent act is defined by statute as something that is designated as a crime under the laws of this Commonwealth. 42 Pa.C.S.A. § 6302. Where a court finds the juvenile guilty beyond a reasonable doubt, the next step is to determine if, based on the evidence, the juvenile requires treatment, supervision, or rehabilitation. 42 Pa.C.S.A. § 6341(b).
>
> It is not necessary that a juvenile be adjudicated delinquent even where a court has found beyond a reasonable doubt that the juvenile committed the delinquent acts. However, in this case, the Court had no trouble finding S.W. a delinquent child based solely on the circumstances of the incident, described above, that gave rise to the original petition. The Court was also able to review other information contained in the extensive psychological and personal history reports provided by Dr. Venezia, Children and Youth, and Today, Inc., a drug and alcohol inpatient treatment facility. All of those reports only served to confirm the Court's adjudication.

Trial Court Opinion, **supra**, 8/16/2013, at 3–4.

The juvenile court's decision goes on to discuss in detail S.W's "severe substance abuse problem that she is not willing to acknowledge[,]" her "serious impulse control problems, anger management issues, and a history of violent behavior," and her "failure to adjust" to multiple placements. *Id.* at 4–5. The juvenile court further noted:

> Between the instant incident which brought [S.W.] before this Court and her adjudication hearing, a period of about six months, Berks County brought charges related to S.W.'s placement at Abraxas New Morgan Academy, she received very poor marks for her behavior while in the custody of the Bucks County Detention Center, and she expressed a desire to stab another girl who was residing in the detention center with her prior to her hearing.

*Id.* at 5.

In addition, the juvenile court cited S.W's mental health evaluations, her unwillingness to admit she has an alcohol or drug problem and accept responsibility for her actions, and her "distressing lack of sympathy for how her violent actions affect others." *Id.* at 6. The Court concluded:

> [W]hen combined with the multiple reports laying out S.W.'s psychological, emotional, and substance abuse history there was more than sufficient evidence for this Court to find an adjudication of delinquency appropriate. The Court is certain that, based on the foregoing, it was necessary to adjudicate S.W. delinquent so that she can receive the treatment, supervision, and rehabilitation she clearly needs.

*Id.*

It bears emphasis that S.W. has presented no legal authority, other than the Juvenile Act's definition of "dependent child," to support her position that the juvenile court should have declared her dependent rather

- 11 -

than delinquent. Moreover, our review confirms the juvenile court's decision that it was appropriate to adjudicate S.W delinquent upon the finding that she committed the act of simple assault beyond a reasonable doubt and the further finding that she is in need of treatment, supervision or rehabilitation. Therefore, there is no basis upon which to disturb the decision of the juvenile court.

Adjudication of delinquency for simple assault affirmed; adjudication of delinquency for harassment reversed. Dispositional Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2014