J-A24017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: K.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: K.M., A MINOR | |
| | No. 2721 EDA 2014 |

Appeal from the Dispositional Order of April 15, 2014
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No.: CP-51-JV-0000284-2014

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.: **FILED NOVEMBER 20, 2015**

K.M. ("Appellant") appeals his dispositional order upon the juvenile court's findings of delinquency on the charges of aggravated assault, criminal conspiracy, recklessly endangering another person, simple assault, and attempted robbery.[1] Appellant contends that, because the evidence established only that he was a bystander to the events underlying his adjudication, it was insufficient to establish his delinquency on the underlying charges beyond a reasonable doubt. After careful review, viewing the evidence as our standard of review requires, we reject Appellant's argument.

_____

[*]    Retired Senior Judge assigned to the Superior Court.

[1]    **See** 18 Pa.C.S. §§ 2702, 903, 2705, 2701, 901 (18 Pa.C.S. § 3701, attempt), respectively.

The evidence, viewed in the light most favorable to the Commonwealth, establishes an account of the underlying events consistent with the juvenile court's summary, which provides as follows:

On January 28, 2014, at or about 5:15 p.m., the complainant K.Z. ("Victim") was walking home from school with his friend, S.T.[,] down Princeton Avenue near Large Street in Northeast Philadelphia. At about this time, Victim was approached by Appellant and codefendants B.R. and R.K. (collectively, "Codefendants"). Appellant recorded a video as Codefendants, unprovoked, began punching, kicking and kneeing Victim in various parts of his body including his back, head, arms and stomach.[2] Codefendants pulled Victim's jacket over his head so he would be vulnerable. One of the defendants, unknown to Victim as his jacket was over his head, asked Victim if he had a phone and searched his pockets. Victim then fell to the ground and Codefendants continued aggressively punching and kicking Victim, with Appellant recording, until they decided to leave. After the vicious attack, Victim suffered from dizziness for a few minutes and swelling on both his forehead and cheek, which hurt to touch. Officer [William] Helsel, from the organized crime, criminal intelligence unit, testified that Northeast Detectives sent a video from [YouTube], which appeared to be a video of a "knock[-]out game," to his unit for review. Officer Helsel, via facial recognition on Facebook and other investigation, received positive identifications [of] the actors in the video, which were Appellant and Codefendants. Officer Helsel and his partner, Officer [John] Pasquerello[,] then went to the schools that the males attended and all three were arrested. Recovered from Appellant was a Galaxy cell phone. A warrant was prepared for the phone and recovered from the phone was the video of the beating that was observed on [YouTube]. Appellant offered no

---

2 Although the video evidence is not included in the certified record, uncontradicted hearing testimony indicates that Appellant began recording before the first blow was struck. It further indicates that Appellant can be heard laughing throughout the recording.

- 2 -

factual or character evidence in his case-in-chief.[3]  At the close of trial the [juvenile court] entered findings of [delinquency].  After the adjudicatory hearing, the [juvenile court] learned that Appellant had a history of mental health treatment.  The [juvenile court] also learned that other videos were found on the phone including Appellant and Codefendants together playing video games and smoking marijuana, as well as a video depicting Appellant breaking into and rummaging through a car registered in the state of New Jersey.  Appellant was adjudicated delinquent as the [juvenile court] found that he was in need of treatment, supervision, and rehabilitation.

Juvenile Court Opinion, 12/8/2014, at 1-2 (names changed to protect the juveniles' identities).

On September 16, 2014, Appellant filed the instant appeal.  On September 25, 2014, the juvenile court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On October 16, 2014, Appellant timely complied.  The juvenile court filed its Rule 1925(a) opinion on December 8, 2014, ripening this case for our review.

Appellant raises the following challenge to his adjudication:

Whether the evidence at the adjudicatory hearing was sufficient to sustain the court's verdict pursuant to Pa.R.J.C.P. 408 [concerning rulings on delinquency] that Appellant was [delinquent] beyond a reasonable doubt of conspiracy and guilty of the related substantive offenses on the grounds of accomplice liability.

Brief for Appellant at 1.

---

3    Neither of Codefendants, who were tried at the same proceeding, testified or presented evidence in their defense.

When presented with a challenge to the sufficiency of the evidence we apply the following standard of review:

> In reviewing the sufficiency of the evidence to support the adjudication below, . . . the Due Process Clause of the United States Constitution requires proof beyond a reasonable doubt at the adjudication stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. Additionally, . . . in reviewing the sufficiency of the evidence to support the adjudication of delinquency, just as in reviewing the sufficiency of the evidence to sustain a conviction, though we review the entire record, we must view the evidence in the light most favorable to the Commonwealth.

*In re K.J.V.*, 939 A.2d 426, 427-28 (Pa. Super. 2007) (quoting *In re A.D.*, 771 A.2d 45, 48 (Pa. Super. 2001)).

> [W]hen examining sufficiency issues, we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated and all evidence received against the defendant considered; and the trier of fact is free to believe all, part, or none of the evidence when evaluating witness credibility.

*Commonwealth v. Crabill*, 926 A.2d 488, 490-91 (Pa. Super. 2007) (quoting *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007)).

To sustain a charge of criminal conspiracy, the Commonwealth must prove the following statutory criteria beyond a reasonable doubt:

> **(a) Definition of conspiracy.—**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> > (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2)     agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

* * * *

**(e)   Overt act.—**No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S. § 903.

To sustain a conviction for criminal conspiracy, the Commonwealth must establish, beyond a reasonable doubt, that: (1) the defendant entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent, and (3) an overt act was done in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator.

*Commonwealth v. Smith*, 69 A.3d 259, 263 (Pa. Super. 2013) (citations and internal quotation marks omitted). The evidence must establish more than "mere suspicion or possibility of guilty collusion." *Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002).

With regard to accomplice liability, our Crimes Code provides, in relevant part, as follows:

**§ 306.     Liability for conduct of another; complicity**

**(a)   General rule.—**A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

**(b)   Conduct of another.—**A person is legally accountable for the conduct of another person when:

* * * *

- 5 -

(3)　　he is an accomplice of such person in the commission of the offense.

**(c)　Accomplice defined.—**A person is an accomplice of another person in the commission of an offense if:

(1)　　with the intent of promoting or facilitating the commission of the offense, he:

(i)　solicits such other person to commit; or

(ii)　aids or agrees or attempts to aid such other person in planning or committing it . . . .

**(d)　Culpability of accomplice.—**When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense.

18 Pa.C.S. § 306; *see Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (Pa. 2004) ("A person is deemed an accomplice of a principal if, with the intent of promoting or facilitating the commission of the offense, he: (i) solicited the principal to commit it; or (ii) aided or agreed or attempted to aid such other person in planning or committing it." (brackets and internal quotation marks omitted)).　"Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice.　No agreement is required, only aid." *Commonwealth v. Kimbrough*, 872 A,2d 1244, 1251 (Pa. Super. 2005) (internal quotation marks, citation, and brackets omitted).

"The intent required for criminal conspiracy is identical to that required for accomplice liability.　In both [instances], a defendant must act with the 'intent of promoting or facilitating the commission of the offense.'"

- 6 -

*Commonwealth v. Davenport*, 452 A.2d 1058, 1062 (Pa. Super. 1982)

(quoting *Commonwealth v. Gardner*, 371 A.2d 986, 989

(Pa. Super. 1977)).

> In proving a conspiracy, direct and positive testimony of the corrupt agreement is not necessary. *Commonwealth v. Tumminello*, 437 A.2d 435 (Pa. Super. 1981); *Commonwealth v. Holman*, 352 A.2d 159 (Pa. Super. 1975). This is so, for the unlawful agreement, which is at the heart of every conspiracy and the nexus which will invoke principles of vicarious liability, will rarely be proven by direct evidence of a formal agreement with precise terms. Indeed, the very nature of the crime of conspiracy makes it susceptible to proof usually by circumstantial evidence. Thus, the courts have traditionally looked to the relation, conduct, and circumstances of the parties and the overt acts of the co-conspirators in order to find a corrupt confederation. *Commonwealth v. Dolfi*, 396 A.2d 635 (Pa. 1979); *Commonwealth v. Waters*, 345 A.2d 613 (Pa. 1975); *Tumminello*, *supra; Commonwealth v. Minnich*, 344 A.2d 525 (Pa. Super. 1975). Additionally, it must be remembered that "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Commonwealth v. Lovette*, 450 A.2d 975, 977 (Pa. 1982) (citations omitted). Restated, the facts and circumstances need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the fact-finder unless the evidence "be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Libonati*, 31 A.2d 95, 97 (Pa. 1943); *accord Commonwealth v. Sullivan*, 371 A.2d 468 (Pa. 1977).

As this Court has stated recently:

> "Regardless of the type of proof advanced by the Commonwealth, however, proof of a common understanding among the alleged co-conspirators is an indispensable element of the crime. Thus, the courts have held that mere association is not sufficient; . . . nor is mere presence at the scene of the crime sufficient to prove

> the agreement without a showing that the accused had prior knowledge of his alleged co-conspirator's criminal intent. Indeed, one's knowledge that another proposes unlawful action will not establish a conspiracy . . . absent proof that the accused became an *active partner* in the criminal enterprise with knowledge of the agreement."
>
> ***Commonwealth v. Lynch***, 411 A.2d 1224, 1232 (Pa. Super. 1979) (citations omitted; emphasis in original); ***see also Commonwealth v. Yobbagy***, 188 A.2d 750 (Pa. 1963); ***Commonwealth v. Henderson***, 378 A.2d 393 (Pa. Super. 1977).

***Davenport***, 452 A.2d at 1060-61 (citations modified). However, accomplice liability and conspiracy differ insofar as "[c]onspiracy requires proof of an additional factor [which] accomplice liability does not—the existence of an agreement." ***Commonwealth v. McLendon***, 874 A.2d 1223, 1229 (Pa. Super. 2005).

While the intent requirement may be the same for conspiracy and accomplice liability, the establishment of accomplice liability as to one offense does not necessarily establish such liability as to all contemporaneous offenses: "After the passage of the Crimes Code, status as an accomplice relative to some crimes within a larger criminal undertaking or episode no longer *per se* renders a defendant liable as an accomplice for all other crimes committed. Rather, closer, offense-specific analysis of intent and conduct is required." ***Commonwealth v. Knox***, 105 A.3d 1194, 1197 (Pa. 2014) (footnote omitted). For example, in the instant case, affirming Appellant's adjudication on simple assault on an accomplice

liability theory would not require us as a matter of law to affirm Appellant's adjudication of aggravated assault.

Appellant argues as follows:

Appellant was guilty of the deplorable and despicable conduct of taking pleasure in the bullying and victimization of another youth by laughing at it, and even worse, by taking a video recording of it for the perverse enjoyment of himself and others. However, the evidence presented to the court was insufficient to prove beyond a reasonable doubt that Appellant was guilty of conspiracy to commit the assault and robbery, and similarly was insufficient to prove beyond a reasonable doubt that Appellant was an accomplice to the commission of the attempted robbery and assault. That is, to be more precise, other than Appellant's possible (though hardly definite) association with Codefendants and his mere presence at the scene of the attack on [Victim], the evidence was insufficient to prove beyond a reasonable doubt that Appellant entered into an agreement with Codefendants for them to assault and attempt to rob Victim, and insufficient to prove beyond a reasonable doubt that Appellant aided the assault and robbery. Thus, the court's finding that Appellant was guilty of the delinquent acts with which he was charged necessarily was based on speculation by the court.

Brief for Appellant at 8.

Because each crime stems from the initial decision to approach and assault Victim in the first instance, we first must assess whether the evidence was sufficient to establish that Appellant intended to "promot[e] or facilitate[e] the commission of the offense." *Davenport*, 452 A.2d at 1062. Appellant directs our attention to several cases that establish various facets of the above-stated legal standards. *See* Brief for Appellant at 9-11. However, none is entirely on-point and, while our research discloses numerous cases involving alleged accomplices who presented as mere

bystanders, we have not found a bystander case that involves the implied prior knowledge and approval that Appellant's act of recording the event while laughing led the juvenile court to find in this case. Indeed, that Appellant began recording Codefendants before the first blow was struck strongly suggests, at an absolute minimum, that Appellant anticipated the imminent occurrence of a notable event. Thus, the question we face distills further to the question whether this evidence that Appellant was familiar with Codefendants and that he anticipated the occurrence of an event that he deemed worth memorializing was sufficient to support the juvenile court's finding beyond a reasonable doubt that Appellant intended to promote or facilitate the commission of the assault that followed shortly after he began recording.

At the close of the hearing, the juvenile court noted the defendants' collective "ingenious decision to video tape and play for the world this vicious and notorious attack of [*sic*] a man's life." Notes of Testimony, 3/5/2014, at 46. In so doing, the juvenile court appeared to accept the Commonwealth's argument to that effect:

> I would submit that the conspiracy here and the agreement between these three was to video tape themselves brutalizing another human being on the streets of Philadelphia.
>
> In order to do that, you need the muscle, and I would submit that that's [Codefendants]. They provided the muscle. You're going to need a camera man, and that is [Appellant], and you do have that here and also a sound track, and [Appellant] provided that.

- 10 -

> Your honor saw the video tape and the camera was rolling before the first blow was landed. So, [Appellant] was already prepared to video something that he knew was going to happen. He had the camera rolling."

*Id.* at 41-42. In effect, the juvenile court found under these facts a collective intention to document an assault and to share it with the public via a video-sharing service or by another mode of dissemination. Appellant's laughter during the course of Codefendants' assault upon Victim provides further circumstantial evidence of Appellant's prior intent and expectations. In **Commonwealth v. Burton**, in determining whether an assailant had the requisite intent to sustain a conviction for aggravated assault when he punched his victim only once in the head, we underscored the fact that, despite visible evidence immediately after the blow that the victim had been severely injured, the attacker stood over the victim "saying I got you, I got you, I told you I was going to get you," while laughing. 2 A.3d 598, 603 (Pa. Super. 2010) (*en banc*).

This is a very close case, standing, as it does, astride the fuzzy boundary between being a bystander who declines to participate in a criminal activity of which one may not approve, but with which one has no legal obligation to interfere, and being a full participant in a coordinated effort to perpetrate an assault on an innocent victim not as assailant but as documentarian. Put simply, the evidence supported the juvenile court's inference that Appellant had prior knowledge that something worth recording was afoot before it began. Furthermore, his decision to continue faithfully

- 11 -

recording the events while laughing does little to suggest that he did not anticipate and approve of what Codefendants were doing. Balancing these considerations against our obligation to grant the Commonwealth the benefit of all favorable evidence and inferences therefrom,[4] we cannot conclude that the trial record lacked sufficient evidence to establish beyond a reasonable doubt that Appellant was complicit in promoting and/or facilitating the assault.

Our conclusion that the juvenile court had a sufficient basis to conclude that the Commonwealth had established the requisite *mens rea* to support a conviction for conspiracy and accomplice liability for the other offenses does not conclude our inquiry. We still must assess the remaining elements of conspiracy. Insofar as any overt act committed by one

_____

[4] Interesting, Appellant comes very close to conceding the importance of our standard of review to this case, albeit in an unavailing effort to spin the several possible interpretations of the evidence as equally credible, and hence inadequate to support a finding beyond a reasonable doubt:

> Of these three equally conceivable scenarios, the latter two did not constitute criminal behavior on the part of [Appellant]. And this Court—reviewing the evidence *de novo*, albeit . . . in the light most favorable to the Commonwealth—simply cannot conclude beyond a reasonable doubt that the first scenario occurred as opposed to the second or third scenarios.

**See** Brief for Appellant at 11-12. This argument is at odds with the time-honored principle that "the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Dupre**, 866 A.2d 1089, 1100 (Pa. Super. 2005) (quoting **Commonwealth v. DiStefano**, 7782 A.2d 574, 582 (Pa. Super. 2001)).

conspirator may be imputed to his coconspirators, there is no question that that element is satisfied with regard to Appellant.  The assault itself establishes that much.  The question then becomes whether the evidence sufficed to establish that Appellant agreed with Codefendants that one or more of them would engage in the underlying criminal conduct, or that he agreed to aid one or more of Codefendants in the planning and commission of the crime.  *See* 18 Pa.C.S. § 903(a); *Smith*, *supra*.  We conclude that the evidence sufficed to establish either alternative element.  That Appellant's phone's camera was running before the assault commenced suggested planning and expectation, and that Appellant and Codefendant obviously were working in concert in the moments before the assault further suggests that they agreed that one or more of them would engage in the assaultive conduct.  Accordingly, we find that the evidence was sufficient to sustain Appellant's conspiracy adjudication.

With regard to accomplice liability, having found that the evidence sufficed to establish the requisite *mens rea*, we are left with the question whether the evidence sufficed to support the juvenile court's finding beyond a reasonable doubt that Appellant "aided or agreed or attempted to aid such other person in planning or committing" the act.  *See Murphy*, 844 A.2d at 1234.  For the reasons set forth above, we find that the evidence was sufficient.

As noted, *supra*, under *Knox*, establishing accomplice liability as to one crime does not suffice, without more, to establish such liability as to all

crimes. However, Appellant offers nothing approaching argument, in the alternative or otherwise, to the effect that, even if we affirmed accomplice liability as to one or more of the adjudications, we should reverse as to one or more of the remaining adjudications. Accordingly, any such argument is waived.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/20/2015</u>