J-S10045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: J.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.B., A MINOR | |
| | No. 1835 EDA 2015 |

Appeal from the Dispositional Order May 18, 2015
in the Court of Common Pleas of Bucks County
Juvenile Division at No.: CP-09-JV-0000640-2014

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 19, 2016**

Appellant, J.B.[1], appeals from the juvenile court's dispositional order following his adjudication of delinquency for simple assault and harassment.[2] We affirm.

The juvenile court set forth the facts of this case as follows:

On September 17, 2014, the Appellant, who was in seventh grade at Shafer Middle School in Bensalem Township, Bucks County, arrived at school. The Appellant was in the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although his full name appears in the certified record, Appellant was fourteen years old when charged with the underlying crimes and thus we will refer to him by his initials. *See Commonwealth v. Bryson*, 860 A.2d 1101, 1102 n.1 (Pa. Super. 2004), *appeal denied*, 875 A.2d 1072 (Pa. 2005).

[2] *See* 18 Pa.C.S.A. § 2701; 18 Pa.C.S.A. § 2709.

cafeteria, which serves as a holding area as school busses arrive, and the students must wait until the bell rings at 8:00am to go to their homerooms. The victim, a teacher at the school, . . . was standing at the two cafeteria doors facing the hallway as the students exited the cafeteria. After two or three minutes, most of the students had gone to their homerooms, and the Appellant left the cafeteria and walked approximately ten feet down the hallway. The Appellant turned around and walked back towards the cafeteria. Next, the victim testified that the Appellant karate kicked her with his left foot on the side of her leg, and down into her heel and foot. The victim testified that she doubled over in pain. Other students who observed the incident notified the vice principal. Since the victim was in pain, she did not say anything to the Appellant, and the Appellant left. The victim then testified that she went over to the vice principal's office to report the incident, and also went to the school nurse. As a result of being kicked, the victim suffered bruising to her ankle, the front of her foot, and the side of her leg.

Less than ten minutes after the incident occurred, the vice principal called the Appellant to the main office. The victim also testified that she did not know the Appellant prior to the incident, but learned his name from the other students. While the Appellant was in the main office, he was asked why he kicked the victim. The Appellant at first denied the incident, then stated that it was an accident, and then later apologized and stated that he did do it.

The school filed a report with police. Appellant was charged with aggravated assault, harassment-subject other to physical contact, and simple assault. On March 17, 2015, an adjudicatory and dispositional hearing was held. The Appellant did not admit to any of the offenses and [on May 18, 2015] the Appellant was adjudicated delinquent on the harassment-subject other to physical contact, as well as simple assault. The aggravated assault charge was found not substantiated. The Appellant was found in need of treatment, supervision, and rehabilitation by the [j]uvenile [c]ourt and was placed on probation.

(Juvenile Court Opinion, 9/08/15, at 1-3) (record citations and footnotes omitted).

Appellant timely filed a notice of appeal on June 16, 2015. Pursuant to the juvenile court's order, Appellant filed a timely Rule 1925(b) statement of errors complained of on appeal on July 9, 2015, and the court entered a Rule 1925(a) opinion on September 8, 2015. *See* Pa.R.A.P. 1925.

Appellant raises two questions on appeal.

A. Whether the evidence was insufficient to adjudicate Appellant delinquent of simple assault when there was no evidence that Appellant acted intentionally, knowingly or recklessly or caused bodily injury to the complainant[?]

B. Whether the evidence was insufficient to adjudicate Appellant delinquent of harassment when there was no evidence that Appellant acted with intent to harass, annoy or alarm the complainant[?]

(Appellant's Brief, at 4) (most capitalization omitted).

Our standard of review for a challenge to the sufficiency of the evidence supporting a juvenile adjudication of delinquency is well settled.

The Superior Court will not disturb the [juvenile] court's disposition absent a manifest abuse of discretion. When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof "beyond a reasonable doubt." When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

- 3 -

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re R.N.*, 951 A.2d 363, 366-67 (Pa. Super. 2008) (citations omitted).

Appellant first argues that the evidence does not support his adjudication of delinquency for simple assault. (*See* Appellant's Brief at 9-12). Specifically he claims that he lacked the requisite specific intent for simple assault because his "conduct did not rise to the level of gross negligence necessary to be deemed reckless behavior." (*Id.* at 12). We disagree.

A person commits simple assault where "a person attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." *In re K.J.V.*, 939 A.2d 426, 429 (Pa. Super. 2007) (citing 18 Pa.C.S.A. § 2701(a)(1)).

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such nature and degree that, considering the nature and intent of the actor's conduct and circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's position.

*Id.* at 429 (citing 18 Pa.C.S.A. § 302(b)(3)).

Here, the victim testified that she saw "Appellant leave the cafeteria, continue approximately ten feet down the hallway, stop, turn around and walk back towards the cafeteria where she was standing . . . [then he]

- 4 -

kicked her leg with his left foot . . . . As a result, [she] had bruising to her leg, foot and heel[.]" (Juvenile Ct. Op., at 5). The court concluded that this was sufficient evidence "to find that the Appellant, in the very least, recklessly caused bodily injury to the victim." (*Id.*).

After reviewing the evidence in a light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, we find that J.B. recklessly caused bodily injury to the victim.[3] **See In re K.J.V.**, **supra** at 429. Accordingly, we conclude that the evidence was sufficient to support Appellant's adjudication of delinquency for simple assault. **See In re R.N.**, **supra** at 366-67. Appellant's first issue does not merit relief.

In his second issue, Appellant argues that the evidence does not support his adjudication of delinquency for harassment. (**See** Appellant's Brief, at 9-12). Specifically, he claims that there was no evidence that he

---

[3] Although Appellant's statement of the questions presented challenges the sufficiency of the evidence to establish that he caused bodily injury, (**see** Appellant's Brief, at 4), Appellant has failed to develop any legal argument or cite to any legal authority to support this claim. (**See id.** at 9-12). Accordingly, it is waived. **See** Pa.R.A.P. 2119(a). Moreover, it would not merit relief.

The juvenile court found, and Appellant does not contest, that as a result of Appellant kicking her, "the victim suffered bruising to her ankle, the front of her foot, and the side of her leg." (Juvenile Ct. Op., at 2; **see** Appellant's Brief, at 9-12). This is sufficient to support a finding of bodily injury. **See In re M.H.**, 758 A.2d 1249, 1252 (Pa. Super. 2000), *appeal denied*, 766 A.2d 1250 (Pa. 2001) (finding bodily injury where appellant grabbed educational aid's arm in an aggressive fashion, which caused bruising, and pushed her against wall.).

acted with the intent to harass, annoy or alarm the victim. (**See id.** at 10-12). We disagree.

"A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1). "An intent to harass may be inferred from the totality of the circumstances." **Commonwealth v. Cox**, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

Here, the juvenile court found that Appellant's "actions make it clear that he intended to harass, annoy or alarm another person when he stopped walking down the hallway to his homeroom, turned around and began walking back towards the cafeteria, and kicked the victim while she was standing at the cafeteria doors." (Juvenile Ct. Op., at 5-6). The juvenile court concluded that this was "sufficient evidence to find that the Appellant had the intent to harass, annoy or alarm the victim[.]" (**Id.** at 6).

After reviewing the evidence in a light most favorable to the Commonwealth as verdict winner, and drawing all reasonable inferences therefrom, we find that J.B. intended to harass his victim. **See Cox**, **supra** at 721. Accordingly, we conclude that the evidence was sufficient to support his adjudication of delinquency for harassment. **See In re R.N.**, **supra** at 366-67. Appellant's second issue does not merit relief.

Dispositional Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016