J-S40010-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OZELL THOMAS, | |
| Appellant | No. 1668 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 10, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005303-2017

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY BENDER, P.J.E.:

FILED DECEMBER 06, 2019

While I concur with the Majority that the evidence was sufficient to support Thomas's conviction for endangering the welfare of children, I do not agree that the evidence was sufficient to sustain his convictions for aggravated assault, simple assault, and recklessly endangering another person. Accordingly, I respectfully concur in part and dissent in part.

To begin, the record ostensibly fails to contain, and the Commonwealth does not point to, crucial facts that would support a finding of recklessness. Consequently, I cannot determine that the evidence shows a substantial and unjustifiable risk of injury that Thomas consciously disregarded.  Absent from the record is evidence establishing the size disparity between Thomas and the

_____

[*] Retired Senior Judge assigned to the Superior Court.

victim at the time of the incident, which I deem pertinent to assessing the risk of injury posed by Thomas's conduct. For example, the risk of injury posed by a 250-pound man throwing a 55-pound boy would logically be more substantial than a 150-pound man throwing an 80-pound boy. The Commonwealth contends that "[t]he fact that [Thomas], a middle-aged man, was able to throw the victim, a nine-year-old third grader, by grabbing his shirt with one hand shows that there was a great disparity in size and strength between [the] victim and [Thomas]." Commonwealth's Brief at 10. However, in my view, that argument raises another problem with the evidence proffered to prove the risk posed by Thomas's conduct. Grabbing a boy by his shirt with one hand and throwing him would seemingly present less of a risk of injury than lifting a boy up overhead and throwing him across the room with two hands.[1] Without the foregoing information, it is difficult to say, beyond a reasonable doubt, that Thomas consciously disregarded a substantial and unjustifiable risk that injury would result from his throwing the victim across the room.

I also regard Commonwealth v. Cassidy, 668 A.2d 1143 (Pa. Super. 1996), which both the trial court and the Majority rely on, as distinguishable. Initially, I agree with Thomas that the Cassidy Court's analysis of

_____

[1] It is also unclear to me how far Thomas threw the victim. At trial, on cross-examination of the victim, Thomas's counsel asked about the distance he was thrown, and the victim testified that it was as far as the space between where he was sitting and where certain papers were set on a table in the courtroom. N.T. Trial, 8/9/2018, at 19-20. Obviously, this description is not useful for purposes of appellate review.

recklessness is non-binding dicta. See Thomas's Brief at 18-19; see also Cassidy, 668 A.2d at 1146 ("As we already have concluded, [the] appellant … caused serious bodily injury intentionally; thus, the issue of recklessness need not be addressed."). Nevertheless, the facts in Cassidy were also more developed than the case at bar. In Cassidy, the defendant was convicted of aggravated assault after he "picked up his wife and threw her with such force that she struck the door frame to the bathroom, ricocheted across the hall and struck the door frame to [a] bedroom, and finally landed on the floor." Cassidy, 668 A.2d at 1144. The Cassidy Court noted that the defendant conceded that "he is larger and stronger than his wife[,]" and observed that the defendant was enraged at the time and "picked her up and threw her across the room with such force that she bounced from one doorjamb to another, finally coming to rest on the ground." Id. at 1146; see also id. at 1144.

Here, in contrast, the victim testified that he did not hit any furniture or walls, but that his wrist landed on the broom and he hit the floor. N.T. Trial at 19. Thus, the evidence does not indicate that Thomas tried to throw the victim into any object or threw him with such great force that he ricocheted off of anything or traveled far, which would make injury more certain to ensue. Although one could argue that the fact that the victim broke his wrist demonstrated the great force used by Thomas, Thomas cautions us of the "false logic" of "arguing from the temporal sequence to cause and effect relationship" — in other words, just because the victim suffered a broken wrist

does not mean, in and of it itself, that Thomas acted recklessly. See Thomas's Brief at 14 (citing In re K.J.V., 939 A.2d 426 (Pa. Super. 2007)). Thomas emphasizes "accidents — even tragic ones — can occur through a parent's mistake, ordinary negligence, or inadvertence, not only as a result of reckless conduct." Id. at 15. In addition, this incident occurred in the context of Thomas's trying to discipline the children, not during a heated marital argument like in Cassidy, which supports an inference that the injury may have occurred negligently or accidentally, rather than intentionally or recklessly. In sum, while Thomas should not have thrown the victim across the room, I conclude that the Commonwealth did not prove beyond a reasonable doubt that he acted recklessly in doing so. As a result, I would reverse Thomas's convictions for aggravated assault, simple assault, and recklessly endangering another person.